*OLF3 (Official Local Form 3)*
*Effective December 1, 2017*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

In re:   **Carine M Luxama**                                                                 Case No.: **19-13487**
                     Debtor(s)                                                                Chapter 13

**CHAPTER 13 PLAN**

*Check one.* This plan is:
☑ Original
☐ Amended *(Identify First, Second, Third, etc.)*
☐ Postconfirmation *(Date Order Confirming Plan Was Entered: _____ )*
Date this plan was filed: **October 14, 2019**

## PART 1: NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3). | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## PART 2: PLAN LENGTH AND PAYMENTS

**A.   LENGTH OF PLAN:**

☐   36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
☑   60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

☐   _____ Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:

_____

**B.   PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|

| 824.00 | 60 |
|---|---|

**C.   ADDITIONAL PAYMENTS:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

**The total amount of Payments to the Trustee [B+C]:**                                $49,440.00.
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

## PART 3:                                    SECURED CLAIMS

☐ **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

**A.   CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:**

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.*
☑ **Any Secured Claim(s) in default shall be cured and payments maintained as set forth in (1) and/or (2) below.**
*Complete (1) and/or (2).*

### (1) PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a) Secured Claim(s) (Principal Residence)
    Address of the Principal Residence:   30 Sefton St, Hyde Park, MA 02136
    The Debtor(s) estimates that the fair market value of the Principal Residence is: $   451,439

| Name of Creditor | Type of Claim (*e.g., mortgage, lien*) | Amount of Arrears |
|---|---|---|
| PennyMac | Mortgage | $18,0000 |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): **$18,000.00**

(b) Secured Claim(s) (Other)

| Name of Creditor | Type of Claim | Description of Collateral (*or address of real property*) | Amount of Arrears |
|---|---|---|---|
| Exeter Finance | Car Loan | 2016 Hyandai Sante Fe 75000 miles | $1,732.23 |
|  |  |  |  |

Total of prepetition arrears on Secured Claim(s) (Other): **$1,732.23**
Total prepetition arrears to be paid through this Plan [(a) + (b)]: **$19,732.23**

### (2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):

Contractual installment payments are to be paid <u>directly</u> by the Debtor(s) to creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claims listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| Exeter Finance | Car loan | 2016 Hyandai Sante Fe 75000 miles |
| PennyMac | Mortgage | 30 Sefton St Hyde Park, MA 02136 Suffolk County |

**B.   MODIFICATION OF SECURED CLAIMS:**

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.*

C. **SURRENDER OF COLLATERAL:**

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.*

☑ The Debtor(s) elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) requests that, upon confirmation of this Plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed unsecured claim(s) resulting from the disposition of the collateral will be treated in Part 5 of this Plan.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| Vacation Village in the Berkshires | Timeshare | Vacation Village in the Berkshires PO Box 9610 Pompano Beach, FL 33075 Broward County Purchased for $4990 but cannot sell it |

**PART 4:                            PRIORITY CLAIMS**

*Check one*

☐ **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

☑ The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.

A. **DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

B. **OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| IRS | Total claim $12,776.20 with priority of | $7,129.31 |
| MA DOR | Taxes | $15,371.60 |

**Total of Priority Claim(s) (except Administrative Expenses) to be paid through this Plan: $22,500.91**

C. **ADMINISTRATIVE EXPENSES:**

(1) **ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| Douglas M. Surprenant | $2,210.00 |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

(2) **OTHER** *(Describe)*:

-NONE-

**Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1) + (2)]: $2,210.00**

(3) **TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

## PART 5: NON PRIORITY UNSECURED CLAIMS

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*
☑ **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

☑ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $ **0** , which the Debtor(s) estimates will provide a dividend of **0** %.
☐ Fixed Percentage: each creditor with an allowed claim shall receive no less than **0** % of its allowed claim.

A. **GENERAL UNSECURED CLAIMS:**  $70,954.19

B. **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Vacation Village in the Berkshires | Vacation Village in the Berkshires PO Box 9610 Pompano Beach, FL 33075 Broward County Purchased for $4990 but cannot sell it | $131.32 |

C. **NONDISCHARGEABLE UNSECURED CLAIMS** *(e.g., student loans)*:

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Fed loan | 4 Student loans | $304,699.00 |

D. **CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

E. **TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

Total Nonpriority unsecured Claims [A + B + C + D]: $375,784.51

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: $0.00

F. **SEPARATELY CLASSIFIED UNSECURED CLAIMS** *(e.g., co-borrower)*:

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| -NONE- | | | | |

Total of separately classified unsecured claim(s) to be paid through this Plan: $0.00

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

*Check one.*

 **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

## PART 7: POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8: NONSTANDARD PLAN PROVISIONS

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*
☐ **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

## PART 9: SIGNATURES

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

/s/ Carine M Luxama                                October 14, 2019
Carine M Luxama                                    Date
Debtor

_____                            _____
Debtor                                             Date

/s/ Douglas M. Surprenant                Date      October 14, 2019
Signature of attorney for Debtor(s)
Douglas M. Surprenant
651975 MA
Law Office of Doug Surprenant
40 S. Franklin St
Holbrook, MA 02343
781-767-9300
dougcanhelp@aol.com

The following Exhibits are filed with this Plan:
☑ **Exhibit 1: Calculation of Plan Payment***
☑ Exhibit 2: Liquidation Analysis*
☐ Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
☐ Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

*List additional exhibits if applicable.*

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits: 8**

**EXHIBIT 1**

**CALCULATION OF PLAN PAYMENT**

| | | |
|---|---|---|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | $19,732.23 |
| b) | Priority claims (Part 4.A and Part 4.B Total): | $22,500.91 |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | $2,210.00 |
| d) | Nonpriority unsecured claims (Part 5.E Total): | $0.00 |
| e) | Separately classified unsecured claims (Part 5.F Total): | $0.00 |
| f) | Executory contract/lease arrears claims (Part 6 Total): | $0.00 |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | $44,443.14 |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | $49,381.26 |
| i) | Divide (h), Cost of Plan, by term of Plan, **60** months: | $823.02 |
| j) | Round **up** to the nearest dollar amount for Plan payment: | $824.00 |

*If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete(a) through (h) only and the following:*

| | | |
|---|---|---|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | |
| l) | Subtract line (k) from line (h) and enter amount here: | |
| m) | Divide line (l) by the number of months remaining ( months): | |
| n) | Round up to the nearest dollar amount for amended Plan payment: | |

Date the amended Plan payment shall begin: _____

**EXHIBIT 2**

**LIQUIDATION ANALYSIS**

### A. REAL PROPERTY

| Address (Sch. A/B, Part 1) | Value (Sch. A/B, Part 1) | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| 30 Sefton St Hyde Park, MA 02136 Suffolk County | 451,439.00 | 288,989.42 | 162,449.58 |
| Vacation Village in the Berkshires PO Box 9610 Pompano Beach, FL 33075 Broward County Purchased for $4990 but cannot sell it | 800.00 | 931.32 | 0.00 |

| | |
|---|---|
| Total Value of Real Property (Sch. A/B, line 55): | $ 452,239.00 |
| Total Net Equity for Real Property (Value Less Liens): | $ 162,449.58 |
| Less Total Exemptions for Real Property (Sch. C): | $ 162,449.58 |
| Amount Real Property Available in Chapter 7: | $ 0.00 |

### B. MOTOR VEHICLES

| Make, Model and Year (Sch. A/B, Part 2) | Value (Sch. A/B, Part 2) | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| 2016 Hyandai Sante Fe 75000 miles | 11,315.00 | 19,329.00 | 0.00 |

| | |
|---|---|
| Total Value of Motor Vehicles (Sch. A/B, line 55): | $ 11,315.00 |
| Total Net Equity for Motor Vehicles (Value Less Liens): | $ 0.00 |
| Less Total Exemptions for Motor Vehicles (Sch. C): | $ 0.00 |
| Amount Motor Vehicle Available in Chapter 7: | $ 0.00 |

### C. ALL OTHER ASSETS (Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)

| Asset | Value | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| Household goods | 1,500.00 | 0.00 | 1,500.00 |
| used i phones x3 | 500.00 | 0.00 | 500.00 |
| clothing | 200.00 | 0.00 | 200.00 |
| Jewelry - costume jewelry | 200.00 | 0.00 | 200.00 |
| Cash | 80.00 | 0.00 | 80.00 |
| Bank of America checking xxx7974 $103.46 checking xxx1212 $neg savings xxx9954 $167 | 270.46 | 0.00 | 270.46 |
| Santander checking xxx3623 $2740 savings xx3585 $763.93 | 3,503.93 | 0.00 | 3,503.93 |
| Fidelity xxx $1500 xxxx $32,000 | 33,500.00 | 0.00 | 33,500.00 |
| term life through work | 0.00 | 0.00 | 0.00 |

| | |
|---|---|
| Total Value of All Other Assets: | $ 39,754.39 |
| Total Net Equity for All Other Assets (Value Less Liens): | $ 39,754.39 |
| Less Total Exemptions for All Other Assets: | $ 39,754.39 |
| Amount of All Other Assets Available in Chapter 7: | $ 0.00 |

### D. SUMMARY OF LIQUIDATION ANALYSIS

| Amount available in Chapter 7 | Amount | |
|---|---|---|
| A. Amount Real Property Available in Chapter 7 (Exhibit 2, A) | $ | 0.00 |
| B. Amount Motor Vehicles Available in Chapter 7 (Exhibit 2, B) | $ | 0.00 |

| | | |
|---|---|---|
| C. Amount All Other Assets Available in Chapter 7 (*Exhibit 2, C*) | $ | 0.00 |
| **TOTAL AVAILABLE IN CHAPTER 7:** | $ | 0.00 |

**E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

In Re:  Carine Luxama                                          Case   19-13487
Debtor

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day I electronically filed the within Chapter 13 Plan with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF system and thus electronically served the within documents on the following interested parties:

- Carolyn Bankowski-13     13trustee@ch13boston.com
- John Fitzgerald     USTPRegion01.BO.ECF@USDOJ.GOV

Served by U.S. Mail:

See attached matrix

SIGNED under the pains and penalties of perjury.

Dated: October 14, 2019

_____
Doug Surprenant, Esq.
BBO No. 651975
40 S. Franklin Street
Holbrook, MA 02343
DS5848@aol.com
(781) 767-9300
(781) 767-9303 Fax

Label Matrix for local noticing
0101-1
Case 19-13487
District of Massachusetts
Boston
Mon Oct 14 14:04:54 EDT 2019

U. S Bankruptcy Court
J.W. McCormack Post Office & Court House
5 Post Office Square, Suite 1150
Boston, MA 02109-3945

ACIMA credit DBA Simple
9815 S Monroe St
FL 4
Sandy, UT 84070-4384

Acceptance Now
5501 Headquaters Dr
Plano, TX 75024-5837

Avalon Chestnut Hill
12304 Baltimore Ave
Beltsville, MD 20705-1314

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Barclay's Bank Delaware
PO Box 8803
Wilmington, DE 19899-8803

Brock & Scott
1080 Main St
Suite 200
Pawtucket, RI 02860-4847

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Centre Pediatric Assoc
PO Box 9300
Newton, MA 02458

Citizens Bank
DDA Recovery JCA
One Citizens Drive
Riverside, RI 02915-3035

Citizens Bank
PO Box 42023
Providence, RI 02940-2023

Eversource
247 Station Drive
Westwood, MA 02090-2398

Exeter Finance
PO Box 166008
Irving, TX 75016-6008

Fed loan
PO Box 60610
Harrisburg, PA 17106-0610

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Kids Corner
47 Walnut Park
Newton, MA 02458-1442

Kohl's
PO Box 2983
Milwaukee, WI 53201-2983

Kream and Kream
PO Box 890117
East Weymouth, MA 02189-0002

MA DOR
100 Cambridge St
7th floor
PO Box 9564
Boston, MA 02114-9564

(p)NATIONAL GRID
300 ERIE BLVD WEST
SYRACUSE NY 13202-4250

PennyMac
PO Box 514387
Los Angeles, CA 90051-4387

Progressive Leasing
256 Data Dr
Draper, UT 84020-2315

Prosper Marketplace
221 Main St
Suite 300
San Francisco, CA 94105-1909

Quincy Pediatric Asoc
191 Independence Ave
Quincy, MA 02169-7792

SYNCB/Pay Pal
PO Box 965004
Orlando, FL 32896-5004

Suttell & Hammer
PO Box C-90006
Bellevue, WA 98009

Vacation Village in the Berkshires
PO Box 9610
Pompano Beach, FL 33075-9610

YMCA
276 Church St
Newton, MA 02458-1911

verizon wireless
PO Box 650051
Dallas, TX 75265-0051

Smooth Feed Sheets™    Use template for 5161®
AVERY®    Address Labels    Laser    5961™